**Sardar Gurdev SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

Nos. 06–74549, 07–72854.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Tsz–Hai Huang, Rai & Associates, P.C., San Francisco, CA, for Petitioner.

Edward C. Durant, OIL, Karen Y. Stewart, John C. Cunningham, U.S. Department of Justice, Washington, D.C., Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions for review, Sardar Gurdev Singh, a native and

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying his motion to reissue and his motions to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Reyes v. Ashcroft,* 358 F.3d 592, 595 (9th Cir.2004), and review de novo claims of due process violations, *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petitions for review.

The BIA did not abuse its discretion in denying both of Singh's motions to reopen claiming ineffective assistance of counsel because Singh failed to show prejudice. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (explaining that to demonstrate prejudice, a petitioner must establish plausible grounds for relief).

It follows that Singh cannot show a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim).

Singh's remaining contentions are unavailing.

**PETITIONS FOR REVIEW DENIED.**